**MATTHEW C. ELLIS, OSB No. 075800**
matthew@employmentlawpdx.com
621 SW Morrison St Ste 1025
Portland OR  97205
Telephone: 503/345-5497

Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **SARAH SANDERS and JO SANDERS**,<br><br>Plaintiffs,<br><br>v.<br><br>**SWS HILLTOP, LLC, an Oregon Limited Liability Company; and WILLIAM SEIDL, an individual,**<br><br>Defendants. | **CASE NO. 6:17-CV-00256**<br><br>**COMPLAINT**<br><br>(Federal Fair Housing Amendments Act of 1988, Oregon Fair Housing Act)<br><br>**Jury Trial Demand** |

## I.  JURISDICTION AND VENUE

1. This is an action for damages for violations of the federal Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601–3619, and the Oregon Fair Housing Act, ORS 659A.421. This court has jurisdiction over Plaintiffs' federal claim under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (4), and Plaintiffs' state law claims under the doctrine of supplemental jurisdiction, 28 USC § 1367. Plaintiffs' state law claims are related to Plaintiffs' federal claim such that those claims form part of the same case or controversy under Article III of the United States Constitution.

**COMPLAINT - Page 1**

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that the claims and events giving rise to this action alleged herein occurred in Lincoln City, Oregon, in the County of Lincoln.

## II.  PARTIES

3.      Plaintiffs Jo and Sarah Sanders are citizens of the State of Oregon and "aggrieved persons" under ORS 659.885(10)(a) and 42 U.S.C. § 3602(i).

4.      Defendant SWS Hilltop, LLC is an Oregon Limited Liability Company that owns and operates the Hilltop Apartments at 1930 SE Lee Ave, Lincoln City, Oregon. SWS Hilltop, LLC is a "person," pursuant to ORS 659A.001(9)(a) and 42 U.S.C. § 3602(d), and a rental property management company, which acts through its officers, agents and employees, including on-site manager Kristin Suckow and manager William Seidl.

5.      At all times material to this complaint, William Seidl ("Seidl") is a "person," pursuant to ORS 659A.001(9)(a) and 42 U.S.C. § 3602(d). Defendant Seidl is both the manager and a member of SWS Hilltop, LLC.  Defendant Seidl also owns some or all of SWS Hilltop, LLC and personally participated in the decision to deny Plaintiffs' housing.

## III.  FACTUAL ALLEGATIONS

6.      On or about February 27, 2016, Plaintiffs, along with Sarah Sanders' 4-year-old daughter, moved from Washington State to Lincoln City, Oregon.  When they arrived in Lincoln City, they sought a place to live at various apartment buildings. However, from February 27, 2016 through mid-March, 2016, Plaintiffs were homeless but lived out of motels and inns. From mid-March 2016, through on or about May 15, 2016, Plaintiffs were homeless and lived out of their van.

7.      Jo Sanders is Sarah Sanders' mother and the grandmother to Sarah Sanders' daughter. Jo Sanders suffers from diabetes and severe congestive heart failure which

substantially impacts her ability to see, balance when walking, walk and go about a daily routine of taking care of herself.  Jo Sanders's condition qualifies as a person with a handicap or a disability as those terms are defined in 42 U.S.C. § 3602(h) and ORS 659A.104. These disabilities or handicaps are alleviated, in part, by the use of a canine companion animal.  When fully trained, such an animal can inform Jo Sanders if her sugar levels are low or high, can assist her with walking safely, assist with her balance, notify her of the location of curbs and more.

   8. On or about March 7 or 8, 2016, Sarah Sanders saw that the Hilltop Apartments had a sign on the lawn stating that they had apartments available for rent. On or about March 7 or 8, 2016, Sarah Sanders called the Hilltop Apartments indicating that she had seen the sign and left a message inquiring about any open units.

   9. On or about March 11, 2016, Sarah Sanders received a call back from the on-site rental manager who, on information and belief, is Kristin Suckow, an employee of SWS Hilltop, LLC.  The rental manager told her that Hilltop Apartments did have an open unit and to fill out an application online right away. That same day, Sarah Sanders filled out a rental application online, paid the $40 application fee, and disclosed on the application that her mother, Jo Sanders, would also be residing at the premises and had a service animal.  The application was listed under Jo Sanders name, with Sarah Sanders and her daughter listed as co-applicants or residents.

   10. On or about March 11 or 12, 2016, the application was sent to Mr. Seidel for review.  Mr. Seidel determined that the Sanders' were generally qualified to rent the apartment. However, on information and belief, he instructed Ms. Suckow to deny their application because of a fear that their service animal would damage the unit, because the prior tenant had an animal that had damaged the unit and which required portions of the unit to be replaced at a cost to Defendants.

   11. Had the Sanders' not had a service animal for Jo Sanders' disability or handicap, Defendants' would have rented the unit to them. Individuals who did not have service animals

**COMPLAINT - Page 3**

for their disabilities or handicaps were not excluded from renting the unit in question.

        12.      On or about March 15, 2016, Sarah Sanders called Hilltop Apartments and again spoke with the same rental manager, Ms. Suckow. Ms. Suckow informed Sarah Sanders that her family was qualified to rent the apartment. Ms. Suckow informed Sarah Sanders that she should have included two $40 application fees because Jo Sanders was an adult and would be living there, too.  Sarah Sanders apologized and offered to pay the additional application fee. Ms. Suckow rejected that offer, stating that she didn't need to fill out the separate application since the owner had instructed her to deny their application, anyway. Ms. Suckow informed Sarah Sanders that the onwer would not agree to rent the unit to her family because they did not want a dog in the available unit because the prior tenant had a dog that had damaged the unit. Sarah Sanders reminded her that it was as service animal and Ms. Suckow re-confirmed that owner would not rent the unit in question to her family because of the animal. Ms. Suckow told Sarah Sanders that Hilltop would return the application fee.

        13.      Desperate for housing, on or about March 17, 2016, Sarah Sanders called Hilltop and left a message for Ms. Suckow. Sarah Sanders's message indicated they would be getting rid of the service animal so they could rent the unit, and that she hoped Defendants would change their mind about the denial.  Ms. Suckow did not return her call.

        14.      On or about April 4, 2016, Jo Sanders called Ms. Suckow to ask for written verification of why they were denied the apartment. Ms. Suckow told her that they require such a request be in writing and to email her the request. Jo Sanders did so that same day. Defendants failed to respond. Instead, Defendants issued a refund of the $40 application fee to Sarah Sanders.

        15.      From March 15, 2016 through May 14, 2016, Plaintiffs were homeless and lived in their van.  To hide the fact that that they were homeless, Sarah Sanders told her 4-year-old daughter that they were on an extended camping trip.

**COMPLAINT - Page 4**

LAW OFFICE OF MATTHEW C. ELLIS
621 SW Morrison St, Suite 1025
Portland, Oregon 97205
Telephone:  (503) 345-5497

16.     Plaintiffs have suffered damages because of Defendants discriminatory conduct and are aggrieved persons, as defined by ORA 659A.885(10)(a) and 42 U.S.C. § 3602(i).  As a direct and proximate result of Defendants' actions, Plaintiffs have suffered economic damages in the form of out of pocket expenses for housing applications from March 11, 2016 through May 14, 2016, storage costs and more.  Plaintiffs have suffered emotional distress, mental anguish, loss of self-esteem and dignity.  Plaintiffs have suffered physical injuries on account of being required to sleep in their van. Plaintiffs are entitled to economic and non-economic damages in an amount to be proved at trial.

17.     Defendants acted with oppression, fraud and malice, and with wanton and conscious disregard of the rights of Plaintiffs.  Defendants actions alleged herein were intentional, willful and taken with deliberate indifference to Plaintiffs' federal and state rights.  Plaintiffs are entitled to an award of punitive damages under 42 USC 3613(c) and ORS 659A.885.

18.     On May 24, 2016, Plaintiffs filed claims for housing discrimination with both HUD and BOLI.  Thereafter, counsel for Plaintiff requested that the cases be withdrawn so that Plaintiffs' could pursue their case in court.  On October 24, 2016, BOLI and HUD closed its administrative cases.

**FIRST CLAIM FOR RELIEF**
**(Federal Fair Housing Act)**
**(Against all Defendants)**

19.     Paragraphs 1 through 18 are incorporated herein.

20.     Defendants injured Plaintiffs in violation of the federal Fair Housing Act, as amended by 42 U.S.C. § 3601, *et seq.* by refusing to rent and/or otherwise making their rental properties unavailable to Plaintiffs because of disability or handicap, in violation of 42 U.S.C. § 3604(f).

**COMPLAINT - Page 5**

21.     Plaintiffs are entitled to their reasonable attorney fees and litigation costs pursuant to 42 U.S.C. § 3612(p) and 3613(c).

## SECOND CLAIM FOR RELIEF

**(Oregon Fair Housing Act)**
**(Against all Defendants)**

22.     Paragraphs 1 through 18 are incorporated herein.

23.     Defendants injured Plaintiffs in violation of the Oregon Fair Housing laws by refusing to rent and/or otherwise making their rental properties unavailable to Plaintiffs because of disability or handicap, in violation of ORS 659A.145(2)

24.     Plaintiffs are entitled to attorney fees and costs, including expert witness costs, pursuant to ORS 659A.885 and ORS 659A.020.

**WHEREFORE**, Plaintiff requests a trial by jury and requests the Court should grant judgment in favor of Plaintiff and against all Defendants and grant the following relief:

1.      On all Plaintiffs' Claims for relief, an award of economic damages in an amount to be determined at trial;

2.      On all Plaintiffs' Claims for relief, an award of damages for mental and emotional distress, and other compensatory damages in an amount to be determined at trial;

4.      On all Plaintiffs' Claims for relief, an award of punitive damages in an amount to be proved at trial;

5.      On all Plaintiffs' Claims for relief, an award of attorney fees, costs and disbursements:

6.      That the Court enter an order that declares the discriminatory practices, policies, and/or procedures of Defendants violate the Fair Housing Act, 42 U.S.C. §§ 3601-3619, and

**COMPLAINT - Page 6**

ORS 659A.145;

7. That the Court enter an order that requires Defendants to develop and implement a plan to provide equal access to their services, programs or activities when necessary for persons with disabilities to enjoy equally those services, programs or activities;

8. That the Court enter an order that enjoins Defendants from all practices complained about herein and imposes affirmative injunctive relief requiring Defendants, their partners, agents, employees and assigns, and all other persons in active concert or participation with them, to take affirmative action to provide equal access to its services for all individuals without regard to disability;

9. Such further or alternative relief in favor of Plaintiff as the Court deems appropriate.

DATED this 15th day of February, 2017.

By   s/Matthew C. Ellis
     **MATTHEW C. ELLIS**
     OSB No. 075800
     (503) 345-5497


Plaintiff herein demands a trial by jury.

By   s/Matthew C. Ellis
     **MATTHEW C. ELLIS**
     OSB No. 075800
     (503) 345-5497

**COMPLAINT - Page 7**